J-S68001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAMEED CAHOON, | |
| Appellant | No. 2018 WDA 2014 |

Appeal from the PCRA Order November 12, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003460-2007, CP-02-CR-0003463-2007, CP-02-CR-0004767-2007

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 04, 2016**

Appellant, Hameed Cahoon, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

In disposing of Appellant's direct appeal, a prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> On November 18, 2009, following [a] bench trial, appellant was convicted of one count of robbery of motor vehicle, and two counts each of robbery, criminal conspiracy, and access device fraud. Appellant's convictions arose from three separate criminal episodes. On December 22, 2006, Courtney Connolly was in the passenger seat of her father's vehicle at an Exxon gas station on Forbes Avenue in the Oakland neighborhood of Pittsburgh. While her father was in the station, appellant opened the driver's door,

_____

[*] Retired Senior Judge assigned to the Superior Court.

displayed a gun, and ordered Connolly out of the car. After Connolly exited the vehicle, appellant drove off.

On January 2, 2007, Byron Gold was accosted by appellant and Brandon Williams in the Shadyside neighborhood of Pittsburgh as Gold was walking to his car after work. Appellant held a gun to Gold's chest. Appellant and Williams stole Gold's wallet, telephone, and a bag of clothing. Gold specifically identified both appellant and Williams.

On January 7, 2007, Katie Murt was approached by appellant and another man on Melwood Avenue in Oakland as Murt walked to her boyfriend's apartment. Appellant pointed a gun at Murt and took her purse from her. The purse contained cash, a digital camera, and debit and credit cards. The robbers also took Murt's cellular telephone which she was using at the moment of the robbery. Murt specifically identified appellant, but was not asked to identify the other individual at trial.

The Commonwealth sought mandatory minimum sentencing at the three robbery convictions. On February 2, 2010, appellant was sentenced to an aggregate term of 23 to 76 years' imprisonment with all sentences being imposed consecutively. The sentence was within both the sentencing guidelines and statutory limits. On February 3, 2010, appellant filed a post-sentence motion. Therein, appellant conceded that his sentence was within the court's discretion, but requested that his sentences be run concurrently. The motion then listed various mitigating factors and rehabilitative needs. The motion also requested an arrest of judgment and a new trial based upon insufficient evidence. On May 19, 2010, a hearing was held on the post-sentence motion. At the hearing, appellant requested that his sentences be run concurrently, specifically suggesting an aggregate sentence of 15 to 30 years' imprisonment. Appellant argued his youthful age (19) at the time of the offenses and the fact that no victim was harmed as justification for a lesser sentence. On June 21, 2010, the trial court denied appellant's post-sentence motion.

*Commonwealth v. Cahoon*, 524 WDA 2011, 53 A.3d 930 (Pa. Super. filed June 12, 2012) (unpublished memorandum at 1-3) (internal footnotes omitted). Appellant filed an appeal to this Court, and on June 12, 2012, we

affirmed Appellant's judgment of sentence. *Id*. Appellant did not petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, Appellant's judgment of sentence became final on July 12, 2012. 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (the notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).

On September 9, 2014, Appellant filed the instant PCRA petition. The PCRA court appointed counsel, and on September 24, 2014, appointed counsel filed a motion to withdraw and a *Turner/Finley*[1] "no-merit" letter. On September 29, 2014, the PCRA court granted counsel's motion to withdraw and provided Appellant notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court denied Appellant's PCRA petition on November 12, 2014. Appellant filed a timely *pro se* notice of appeal, and the PCRA court appointed current counsel to represent Appellant. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

_____

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel seeking to withdraw in collateral proceedings).

On appeal, Appellant presents the following issues for this Court's consideration:

> Did the PCRA court err when it dismissed [Appellant's] petition for post conviction collateral relief without a hearing, and allowed PCRA counsel to withdraw, where counsel failed to present evidence supporting a finding that an exception to the one-year limitation for filing a PCRA petition applied; and was PCRA counsel ineffective for filing a ***Turner/Finley*** letter where evidence existed showing that despite exercising due diligence to the extent that circumstances allowed, [Appellant] did not learn that the Superior Court had decided his direct appeal until within sixty days of filing his *pro se* PCRA petition?

Appellant's Brief at 6 (bold type and full capitalization omitted).

Our standard of review of an order denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Perez***, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and may not be ignored in order to reach the merits of the petition. ***Commonwealth v. Jones,*** 54 A.3d 14, 16 (Pa. 2012). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania,

or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted above, Appellant's judgment of sentence became final on July 12, 2012; therefore, Appellant had until July 12, 2013, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant did not file his PCRA petition until September 9, 2014, rendering Appellant's petition patently untimely.

However, an untimely PCRA petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to

_____

[2] The exceptions to the timeliness requirement are:

> (i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super 2001).

Appellant claims that he failed to file a timely PCRA petition because he was unaware that this Court affirmed his judgment of sentence on June 12, 2012, even though he allegedly wrote to counsel requesting information on his appeal. Appellant's Brief at 14-15.[3] Appellant avers that he first learned of the June 12, 2012 decision on August 28, 2014, after he wrote to this Court's Office of the Prothonotary. ***Id***. at 14-15. Appellant argues that he acted with due diligence and filed his PCRA petition within sixty days of learning that his judgment of sentence had been affirmed. ***Id***. at 15.

As noted above, the timing requirements of the PCRA are jurisdictional. ***Jones,*** 54 A.3d at 16. Moreover, the sixty-day after-discovered facts exception applies only where the facts could not have been ascertained through due diligence. 42 Pa.C.S. § 9545(b)(1)(ii).

_____

[3] Attached to Appellant's Pa.R.A.P. 1925(b) statement are copies of letters Appellant allegedly sent to counsel between 2012 and 2014 requesting information on the status of his direct appeal. Pa.R.A.P. 1925(b) statement, 9/29/15, at Exhibits 1-6. These letters bear no date stamps or indication of the dates the documents were drafted other than the dates Appellant assigned to them. Curiously, contained within the text of the documents are exhibit numbers. These exhibit numbers correspond sequentially with the exhibit numbers later placed on the attachments to Appellant's Pa.R.A.P. 1925(b) statement, despite these documents being allegedly created more than two years before the Pa.R.A.P. 1925(b) statement was drafted.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court notes that Appellant's PCRA petition is untimely, and addressed this issue as follows:

Appellate counsel argues, yet fails to specify or plead which exception is applicable to the time bar limitations. The record does not disclose any governmental interference. Second, there are no facts unknown to [Appellant] which could not have been ascertained by the exercise of due diligence. Finally, there is no allegation of a constitutional right which was recognized by either the U.S. or Pennsylvania Supreme Court after the time limit which has been held by such court to apply retroactively. [Appellant's] argument that his attorney failed to notify him of the dismissal of his Superior Court Appeal could have be[e]n discovered[,] just as he ultimately [did] with so much as a phone call or letter to his attorney or prothonotary much sooner than the date of his eventual discovery of this fact.

PCRA Court Opinion, 12/4/15, at 4.

We agree with the PCRA court that Appellant failed to satisfy the after-discovered-facts exception to the PCRA time-bar. Had Appellant exercised due diligence, after counsel allegedly failed to respond to his inquiries regarding the status of his appeal in 2012, he could have, as the PCRA court concluded, contacted this Court much sooner than he eventually did. If Appellant had acted with this reasonable level of diligence, he would have discovered that this Court affirmed his judgement of sentence more than two years before he filed his September 9, 2014 PCRA petition. Because the PCRA court's decision is supported by the record, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/4/2016